# IN UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF GEORGIA

# NEWNAN DIVISION

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor, | ) ) ) ) | FILE NO. |
| Plaintiff, | ) ) | _____ |
| v. | ) ) | |
| LEAVITT F. SANDERS, | ) ) | **C O M P L A I N T** |
| Defendant. | ) | **(Injunctive Relief Sought)** |

Plaintiff R. Alexander Acosta, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR ("the Secretary") alleges as follows:

1.  This cause of action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq., and is brought to enjoin acts and practices which violate the provisions of Title I of ERISA, and to obtain appropriate relief and appropriate equitable relief to redress violations and enforce the provisions of that Title pursuant to § 502(a)(2) and (5) of ERISA, 29 U.S.C. § 1132(a)(2) and (5).

2. Jurisdiction hereof is conferred upon the Court by § 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. Venue of this action lies in the Northern District of Georgia pursuant to § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

4. Defendant Leavitt F. Sanders ("Sanders") is a retired investment advisor based in West Point, Georgia. He was formerly the Chief Executive Officer of Sanders Yearian Advisory Group, Inc. ("Sanders Yearian"), a Georgia corporation. On behalf of Sanders Yearian (among other entities), he provided investment advice and counseling to a variety of clients.

5. One of Defendant Sanders' clients was the Castone Corporation, a manufacturer of engineered stone products based in Opelika, Alabama. Castone Corporation is the Plan Sponsor of the Castone Corporation Profit Sharing Plan ("the Castone Plan"), an employee retirement savings plan funded by discretionary employer contributions. The Castone Plan is a single-employer employee benefit plan within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3), and is subject to coverage under ERISA pursuant to § 4(a), 29 U.S.C. § 1003(a).

6. Pursuant to an agreement between Castone Corporation and

Defendant Sanders, Sanders Yearian was granted full discretionary authority to purchase, sell, and trade securities utilizing Castone Plan assets, with the firm receiving a quarterly fee for these services.  As the Castone Plan's investment advisor, Defendant Sanders is or was at all times relevant to this action a "fiduciary" within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a "party in interest" within the meaning of § 3(14) of ERISA, 29 U.S.C. § 1002(14)(A).

7. In May 2013, Defendant Sanders signed an Asset Management Agreement that mandated a "moderate risk approach" to managing the Castone Plan's investments, and this strategy was amended in March 2014 to permit "standard margin trading."  However, Defendant Sanders began involving Castone Plan assets in high-risk credit option trades that exceeded the risk profile contained in the Asset Management Agreement and amendment.  Many of these transactions involved amounts reaching tens of millions of dollars despite the unleveraged value of the Castone Plan totaling approximately $3,000,000 during the relevant time period.

8. When one of the Plan Trustees requested explanations from Defendant Sanders about this strategy, Defendant Sanders attempted to assure

the Trustee that the strategy was conservative in nature and that many of the losses experienced could be attributed to errors that would later be corrected.

9. Throughout 2014 and early 2015, Defendant Sanders continued to employ a high-risk investment strategy that put the assets of the Castone Plan at substantial risk.  Over the course of the credit spread strategy conducted between July 2013 and May 2015, the Castone Plan sustained losses between approximately $61,000 and $150,000.  In May 2015, the Castone Corporation terminated Defendant Sanders as investment advisor. On information and belief, Sanders Yearian has been administratively dissolved and is no longer a going concern, and Defendant Sanders has been named in several dozen investment-related arbitration claims involving private party clients according to Financial Industry Regulatory Authority disclosures.

10. In engaging the Castone Plan's assets in a high-risk investment strategy at odds with his agreement with the Castone Plan's Trustees, Defendant Sanders failed to discharge his duties with respect to the Castone Plan solely in the interests of the Plan's participants and beneficiaries and for the exclusive purpose of providing benefits to participants and beneficiaries and defraying reasonable Plan administration expenses as required by section

404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A), and violated his duty of prudence as imposed by section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B).

**WHEREFORE, Plaintiff prays that the Court:**

A.   Permanently enjoin Defendant Sanders from serving as fiduciary, administrator, investment advisor, officer, trustee, custodian, agent, employee, or representative, or from having control over the assets of any employee benefit plan subject to ERISA;

B.   Enjoin Defendant Sanders from engaging in any further violations of Title I of ERISA;

C.   Award Plaintiff the costs of this action; and

D.   Provide such other relief as may be just and equitable.

<table>
<tr><td>

ADDRESS:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303

Telephone:
 (404) 302-5435
 (404) 302-5438 (FAX)

</td><td>

KATE S. O'SCANNLAIN
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

ROBERT M. LEWIS, JR.
Counsel

By: */s/Jeremy K. Fisher*
  JEREMY K. FISHER
  Senior Trial Attorney
  GA Bar No. 132008


Office of the Solicitor
U. S. Department of Labor
Attorneys for Plaintiff

</td></tr>
</table>